In the Matter of the Claim of THEODORE SCHNEIDER, Respondent, against SAMUEL KAPLAN & SON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— In this appeal by the employer and its carrier from an award of disability compensation, the only contention of the appellants is that there is no evidence to sustain the finding of the board that the accident arose out of and in the course of claimant's employment. Claimant was an outside salesman who used his car to call upon prospective customers. On the night of December 23, 1951, claimant had stayed at his mother's home in Central Islip, Long Island. The following morning he backed his car from the driveway into the street and was about to proceed to call upon a customer. He stopped his car in the street in front of the house to clean the windshield. As he stepped from the car he stepped on a cat, causing him to fall and sustain the injuries for which compensation has been awarded. Claimant was not required to call at the employer's office at either the beginning or the end of the day. Claimant owned a home at Bay Shore, Long Island, and appellants urge that he had digressed from his employment to spend the night at his mother's, and that the case comes within the principle of *Matter of Glickman* v. *Greater N. Y. Taxpayers* (305 N. Y. 431). It appears, however, that claimant, a single

man, had recently purchased the home at Bay Shore and gave that as his future address. He testified that at the time he was living with his mother and it appears without dispute that after he had started from his mother's home to call upon customers the accident occurred. The finding of the board that the accident arose out of and in the course of claimant's employment is amply supported by the evidence. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.